Mr. Justice Huger
delivered the opinion of the court.
If the defendant be liable on his conditional acceptance, \ he must he regarded as a creditor in possession, and the attachment must be dissolved. If he be not liable, the holder of the bill can have no lien on the goods, as it was taken on-the general credit of the drawee. (Chitty 199.) The only question then is, as to the liability of the defendant ? His acceptance being conditional, he could only become liable on the performance of the condition. He__ agreed to pay the bill on the day it was due, if he could cell the goods; but before that day the goods were attached ; and it was, by operation of law, out of his power to sell; they had in the words of the act “ been made liable in law to answer any judgment that shall hereafter he recovered and awarded upon that process.” The event then did not occur upon which he was to become liable, and its non-occurrence was not the effect of his contrivance, nor was it in his power to avoid it. If a merchant undertake to accept a bill, on condition that a cargo of equal value be consigned to him, and the cargo consigned be not of equal value, he is not bound to accept, (Douglas, 297.) Or if he promise to pay a bill, provided a certain vessel consigned to him shall arrive, and she is lost, he is not liable. If he accept on any condition, the performance of which is' prevented by the act of God, he is not liable ; neither can be be liable when the condition is prevented by an act of the law. CChitty, 199, 200.) The motion in this case must therefore prevail.
Justices Notl, Johnson, Gantt and Colcock, concurred*